JOHN LABOUNTY *v.* ALFERIE LAFLEUR.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 4, 1943.

*John H. Webster* for the defendant.

*Sylvester & Ready* for the plaintiff.

JEFFORDS, J. The plaintiff and defendant traded horses. The former claimed he had been defrauded by the latter and brought this action of tort. Trial was had by jury with a resulting verdict and judgment for the plaintiff and the case is here on defendant's exceptions.

After reciting several rather vicious propensities on the part of the horse which he received in the trade, the plaintiff over defendant's objection and exception testified that in his opinion its

fair value might be about ten dollars. The ground of the objection to this latter testimony was that the witness was not qualified to testify as to such value. This objection was overruled and exception allowed. All of the exceptions briefed by the defendant depend upon the correctness of this ruling which amounted to an implied finding that the witness was competent.

The competency of the witness was a preliminary question for the court to decide before receiving the testimony, and if supported by evidence of qualification the ruling in favor of competency is not to be disturbed. *Houghton* v. *Grimes,* 103 Vt 54, 62, 151 A 642. Value is at best largely a matter of opinion, and from the necessities of the case much liberality is indulged in the admission of opinion evidence. Any person who knows the property and has an opinion of its value may give that opinion in evidence for what it is worth. It is enough if the witness is shown to have some peculiar means of forming an intelligent judgment as to the value, beyond that possessed by men in general. *Houghton* v. *Grimes, supra,* and cas. cit.

It appeared from the evidence that the plaintiff was born and brought up on a farm and was very familiar with horses which he had at times owned and traded. Moreover, he was the owner of the horse in question and consequently for that reason, under the circumstances here shown, entitled to give an opinion as to the value of his property. 20 Am Jur 751, sec. 892; 32 CJS 288. The weight to be given to his testimony was for the jury to determine but there was ample evidence in the case to support the ruling in question.

It is sufficient answer to several of the statements contained in defendant's brief to say that they are not borne out by the transcript.

*Judgment affirmed.*