MICHAEL TEITLE ET AL *v.* THE LONDON AND LANCASHIRE INSURANCE COMPANY, LTD.

(73 A2d 300)

February Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed May 2, 1950.

*Arthur L. Graves, Frederick G. Mehlman* and *Frederick W. Branch* (of the New Hampshire bar) for the defendant.

*Witters & Longmoore* and *Clarence V. Akley* for the plaintiffs.

JEFFORDS, J. This is an action of contract to recover on a fire insurance policy for claimed damages to the plaintiffs' stock of goods, store and office furniture and fixtures and wearing apparel. The property was located in a drug store owned by the plaintiffs. The trial was by jury and the only question submitted was as to the amount of damages. The case is here on exceptions of the defendant relating to the admission of certain evidence in the way of exhibits, and otherwise, and to its denial of its motion to set aside the verdict.

The first exception briefed by the defendant is to the claimed error in admitting plaintiffs' exhibits 2 and 9. Exhibit 2 consists entirely of fixtures listed by name, number and value. The list was drawn up by an insurance adjuster who set down on paper the names and quantity of the various fixtures and their price or value from information furnished him by Mr. Teitle. Exhibit 9 is an inventory taken by Teitle and a former longtime owner of the store of certain articles in the basement among which are a few fixtures. These exhibits were admitted by the court, over the objections of the defendant, "in connection with the witness' testimony." The witness in each case was Teitle. The defendant says that the exhibits were offered as evidence and had this effect. We agree.

The essence of the defendant's claim of error in the admission of these exhibits is the lack of qualifications of the witness to place a fair market value before the fire on the listed fixtures. Part of the fixtures were in the store when it was acquired by the Teitles

and part had been purchased new by them. The ground of the objection as to the placing of such fair value on the old fixtures was lack of qualifications on the part of the witness to give this testimony. As to the new fixtures, the ground of the objection goes largely to the fact that invoices showing the cost of such were not produced in all instances.

The question of the competency of a witness to testify as to value has been before this Court many times. In the late case of *Labounty* v. *Lafleur,* 113 Vt 226, 32 A2d 124, 125, we said: "Value is at best largely a matter of opinion, and from the necessities of the case much liberality is indulged in the admission of opinion evidence. Any person who knows the property and has an opinion of its value may give that opinion in evidence for what it is worth. It is enough if the witness is shown to have some peculiar means of forming an intelligent judgment as to the value, beyond that possessed by men in general." See also to the same effect, *Houghton* v. *Grimes,* 103 Vt 54, 62, 151 A 642; *Brown* v. *Aitken,* 90 Vt 569, 574, 99 A 265. In *Hefflon* v. *Cashman,* 92 Vt 323 at 325, 103 A 1023, 1024, it is stated: "It is enough to say that the law does not attempt to define the amount of knowledge a person must possess to make him a competent witness of value, except that he must have sufficient acquaintance with the subject matter to enable him to form some estimate of its value."

The evidence bearing on the question of the competency of witness Teitle to testify as to the fair market value before the fire of the old fixtures in the store is as follows: He was 26 years old at the time of the fire. He had worked in a drug store in Montreal for several years. He had operated the store in which the fire took place from some time in 1946 until October 2, 1948, the date of the fire. Before and after the fire he had taken steps to familiarize himself with the cost and values of the fixtures. He had made an investigation as to the value of the fixtures and furniture in the store with a Mr. Brodien, an insurance agent, on their insurance basis, before giving their value to the insurance adjuster. He testified, in substance, that the figures on exhibit 2 representing the value of the fixtures were to his best judgment and estimate their fair cash value at the time of the fire.

The competency of the witness was a preliminary question for the trial court; and its decision is conclusive unless it appears from the evidence to have been erroneous, or was founded on an

error of law. *Purrington* v. *Newton,* 114 Vt 490, 493, 49 A2d 98, and cas. cit. We cannot say on the evidence that the ruling was erroneous as a matter of law. Certainly the qualification of Teitle to testify as to value was equal, if not greater, than that of the witness Lamson in the case of *Lamoille Valley Railroad Co.* v. *Bixby,* 57 Vt 548. In that case at p. 563 the ruling of the trier below as to competency was sustained. The qualification depended entirely on investigations and inquiries concerning the personal property in question and it did not appear what the character and extent of the investigations and inquiries were, nor the nature of the information obtained.

The defendant in its claim of lack of qualification lays much stress on the following questions and answers appearing in the cross examination of the witness Teitle:

> "Had you ever had any experience in determining the value of old second-hand fixtures such as were in the Eastman Drug store at the time you acquired it, in the United States?
>
> No sir, I never have.
>
> So the fixtures with reference to the old equipment and fixtures purchased of Mr. Eastman by your father-in-law were merely estimates made by you without any previous experience in valuing old second-hand fixtures?
>
> Well, sir, I don't know how to quite answer you, I don't quite get what you are getting at."
>
> (Question read.)
>
> "That is right."

This testimony did not show a lack of qualification, for in order to make one competent to testify as to value it is not necessary that he have had previous experience in determining the value of property similar to that in question by buying or selling it, or by any other means. *Brown* v. *Aitken, supra.*

Moreover, Teitle was one of the owners of the property. Professor Wigmore in his treatise on evidence in its 3rd edition, § 716 says: "The *owner* of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be

trifling) may be left to the jury; the Courts have usually made no objection to this policy." See also to the same effect 20 Am Jur 751, § 892 and 32 CJS 288. We have held, in effect, that ownership alone does not qualify one to testify as to value. *Purington* v. *Newton, supra.* But the fact of ownership is an element to be given great weight in determining whether one is qualified to testify as to the value of certain property, as we indicated in *Labounty* v. *Lafleur, supra.*

What we have already said bears on the question of the qualification of the witness generally to testify as to the value of the fixtures set forth in exhibit 2 and particularly as to the old fixtures listed therein. As to the new fixtures, it is true that the listed prices had not been checked against invoices and some of the invoices the witness was unable to produce at the trial but, as heretofore shown, he had bought these fixtures, had made an investigation as to their value and was their owner. He testified that the figures in the exhibit representing their value were to his best judgment and estimate their fair value.

■ The fact that the witness was permitted to testify as to the value of the fixtures, old and new, shown in exhibit 2 was an implied finding of his competency. *Laferriere* v. *Gray,* 104 Vt 366, 370, 160 A 270; *Squires* v. *O'Connell,* 91 Vt 35, 43, 99 A 268. As before stated, we cannot say that the ruling was erroneous. There was no error in the admission of this exhibit.

In support of its claim of error in the admission of exhibit 9, in addition to what is urged generally as to the lack of qualification of the witness, the defendant says that the values placed on the fixtures in this exhibit were not acquired by personal experience or observation, but merely on hearsay. It says that these prices were the product of the witness consulting his father-in-law. The transcript does not bear out this statement. When asked on cross examination as to how he arrived at the prices of the fixtures listed in this exhibit he replied, "To the best of my knowledge and consulting my father-in-law." When asked if this person advised him about the prices the witness replied that he did not; that he just asked and did not consult him about the prices.

■ It appears that the fixtures listed in this exhibit had been purchased by Teitle and he had testified that the prices which appeared on the exhibit were put down in accordance with his recollection as to what the different articles had cost him. Thus giving

the defendant the full benefit of the testimony relied upon in this claim of error, it is clear that the values in question were not based merely on information received from another person. Under our cases testimony as to value is not rendered inadmissible because it is based in part on information received from others, *Lamoille Valley Railroad Co.* v. *Bixby, supra,* and query whether it would be inadmissible if solely based on such information. See *Laurent* v. *Vaughn,* 30 Vt 90, 95. There was no error in the admission of plaintiffs' exhibit 9.

The next exception relied on by the defendant is to the ruling of the court permitting witness Teitle to state that in his opinion the percentage of loss to the stock in trade in the main selling room of the store was about 50 percent. The ground of the objection to this testimony was, in substance, lack of qualifications on the part of the witness to estimate such damage.

The various items making up the stock in question were listed on exhibits which were admitted in evidence. The prices of the items were given by Teitle to the insurance adjuster who put them down in the inventory opposite the items to which they referred. Teitle testified that during the time he had been running the store (three and one-half years) he had done the buying and had familiarized himself with the cost and value of the various items that made up the stock in trade. He also testified that after the fire some of the stock was sold at from 40 to 60 percent of its regular selling price. There was considerable evidence introduced as to the kind and amount of damage to the stock. On this evidence we cannot say that the trial court was in error in ruling that the witness was competent to testify as to the damage in question.

The defendant says that by adopting this method of showing damage no fair market value after the fire was given the jury to enable them to fix damage by subtracting this figure from fair market value before the fire. It says it is reasonable to assume that the various items were damaged in varying degrees. Doubtless this assumption is correct. While this ground of claimed error goes beyond that advanced below and so need not be noticed, it seems well to state that the method here adopted in estimating damage was, under the circumstances, a fair and reasonable one. The stock in question, as shown by the exhibits, consisted of a great number of items, probably several thousand. If an attempt had been made by the witness to take each item and to describe its condition and

to then estimate its fair market value, the result would have been that the trial would have been drawn out beyond all reasonable length of time and the jury would have been hopelessly enmeshed in a mass of figures ranging from a few cents to several dollars.

Teitle was allowed over the objection of the defendant to estimate in dollars the amount of damage to the various fixtures and items of furniture listed on plaintiffs' exhibit 2. The ground of the objection, and of the exception as here urged, is that the determination of the damage to these articles is for the jury.

It is true that, as a general rule, witnesses are to state facts and not give their inferences or opinion. This rule is subject to the exception first enunciated in *Bates* v. *Sharon,* 45 Vt 474, 481, and since then many times reaffirmed by this Court, that "Where the facts are of such a character as to be incapable of being presented with their proper force to any one but the observer himself, so as to enable the triers to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed, to a certain extent, to add his conclusion, judgment or opinion." *Johnson* v. *Cone,* 112 Vt 459, 465, 28 A2d 384; *Shields* v. *Vt. Mutual Fire Ins. Co.,* 102 Vt 224, 244, 147 A 352, and many other cases cited in these opinions.

In *Bishop* v. *Readsboro .Chair Mfg. Co.,* 85 Vt 141, 81 A 454, 36 LRANS 1171, Ann Cas 1914B, 1163, a witness was permitted to give his opinion as to the amount of damages to a house, resulting from boards being blown against it. The defendant objected thereto solely upon the ground that opinion evidence is not admissible for that purpose. The evidence showed the injuries to the house, so caused, which were described to a certain extent. This Court at page 156 recognized the general rule, above stated, but held that the case fell within its exception rather than within the rule itself and found no error in the ruling below.

The items listed on the exhibit concerning which the estimates of damage were given were many in number. In each instance the witness described to a certain extent the nature of the damage to each article. In some instances the kind of repairs made or to be made were set forth and the estimates of their costs. In the present case the estimates were as to numerous articles while in the Bishop case the opinion was as to the gross amount of the damage to a house. It is apparent that the jury in the present case had more

need of aid, by way of opinion evidence, to enable them to form a correct and intelligent judgment of the amount of damage than did the jury in the Bishop case. The questions came within the exception to the rule and thus there was no error in permitting them to be answered.

The defendant says in its brief that no testimony or evidence can be found of the fair market value, or any other value, of the wearing apparel prior to the fire. This statement comprises the entire briefing on this matter and can hardly be called adequate. But the defendant has apparently overlooked exhibit 10, admitted without objection, and the testimony of Teitle on cross examination which do furnish the evidence in question.

In support of its claim of error in the denial of its motion to set aside the verdict the defendant relies entirely in its brief on the ground that there was no proper evidence in the case upon which the jury could render the verdicts which they did as to the damage to the stock of goods and to the furniture, fixtures and wearing apparel, because the evidence on these questions was erroneously admitted. As we have previously held that there was no error in the admission, it follows that there was no error in denying the motion to set aside the verdict.

*Judgment affirmed.*