## James B. O'Brien et al v. State Highway Board

[190 A.2d 699]

January Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed April 22, 1963

Reargument Denied May 9, 1963

*Ryan, Smith & Carbine* for the plaintiffs.

*Keith E. King* for the defendant.

**Shangraw, J.** This is a land condemnation case. The plaintiffs were the owners of certain lands in the town of Dorset, Vermont, which were required by the State for the relocation and reconstruction of U. S. Route 7. The entire property of the plaintiffs was taken, consisting of 3.7 acres of land lying easterly of Route 7. There was located on this land a ten-room dwelling, three tourist cabins, and a combination barn and garage.

On an appeal taken by the plaintiffs from an award made by the State Highway Board the case was tried by jury in the Bennington County Court. The jury returned three separate verdicts as follows: Special verdict No. 1 of $12,000 for the value of the property as such; Special verdict No. 2 for $3,000 representing the loss of business thereon; and a third verdict for $15,000 which was the sum total of the special verdicts.

At the close of the plaintiffs' case the State moved for a directed verdict on the issue of business loss, which was denied. After verdict and before judgment, the defendant filed a motion to set aside the verdict and for a new trial, bringing to the trial court's attention the claims of error. The defendant's motion was denied and judgment entered on the verdict of $15,000, together with costs and interest, diminished by the sum of $8,930 heretofore paid plaintiffs, leaving a balance of $6,362.21.

The defendant is here on its appeal from the judgment claiming error on the part of the court in submitting the issue of business loss to the jury, as being without evidentiary support; and also on claimed error by the admission of evidence in violation of the best evidence rule.

No question is made by the State as to the propriety of the sum of $12,000 allowed by the jury for the property as such. The bone of contention lies in the sum of $3,000 allowed for business loss which was included in the total overall verdict of $15,000.

It is apparent that, by the requirement of special verdicts, the trial court was following the direction of the statute. 12 V.S.A. §1904a.

This property was purchased by the plaintiffs around 1947. After its purchase improvements were made thereon. At the time of the taking, July 14, 1961, and for years prior thereto, it had been used as a dwelling house by the plaintiffs, and in the business of accommodating tourists. It is located south of Lake Emerald, near ski areas, and well situated to invite north-bound traffic. The potential was good. The house was in a good state of repair and the cabins were in excellent physical condition.

This was a family enterprise. The plaintiffs performed all work incident to this business. The income derived therefrom supplemented the wages received by Mr. O'Brien as a drill runner. From 1950 to 1955 the net income from tourist business was about $900 annually. By reason of sickness on the part of Mrs. O'Brien, the business diminished during the last four or five years, resulting in an annual net profit of $300.

Mr. O'Brien was thoroughly conversant with the business and its management in all its details. The court properly ruled that he was competent to place a value on the property of which he was a part owner. *Teitle* v. *London & Lancashire Insurance Company, Ltd.,* 116 Vt. 228, 231, 232, 73 A.2d 300; *Labounty* v. *Lafleur,* 113 Vt. 226, 227, 32 A.2d 124. He testified that, at the time of the taking of the property by the State, it had a fair market value of $19,000, exclusive of business loss.

Jerome Tennien, an experienced real estate appraiser, valued the property at $14,000 exclusive of the value of the business thereon. This witness qualified as having knowledge of the values of similar pieces of property in the locality in which the plaintiffs' was situated. He placed the fair market value of the plaintiffs' property with business thereon, as of the date of the taking, at $17,750.

As stated in *Record* v. *State Highway Board,* 121 Vt. 230, 237, 154 A.2d 475, "A business may be inextricably related and connected with the land where it is located so that an appropriation of the land means an appropriation of the business." Such is the case here. In such case, under the provisions of 19 V.S.A. §221(2) it is the intention of the statute to compensate persons deprived of, or injured in a business, that has become fixed and established.

■ In considering the State's motion for a directed verdict on the issue of business loss made at the close of the plaintiffs' case, and also its motion to set aside the verdict of $15,000 and for a new trial, the evidence must be taken in the light most favorable to the prevailing party and the effect of modifying evidence is to be excluded. *Mattison* v. *Smalley,* 122 Vt. 113, 116, 165 A.2d 343; *Jones* v. *Jones Estate,* 121 Vt. 111, 117, 149 A.2d 738.

As stated in this opinion, Mr. O'Brien was permitted to testify as to the business profits. The State objected to the reception of this evidence on the ground that, in so doing, the best evidence rule was violated, if the business records were available. The defendant seasonably objected to the submission of business loss to the jury by reason of the absence of proper evidence to support this issue. In a nutshell, the defendant urges that Mr. O'Brien's testimony as to profits should have been excluded, and without this evidence in the case the submission of the issue of the value of the business as an integral part of the property taken was error.

As the plaintiffs approached the conclusion of their case the State moved that they produce various documents to support Mr. O'Brien's testimony relating to profits. It requested the plaintiffs to produce income tax returns for years 1959 through 1961; guest register; and all ledgers or books of accounts relating to their income and expenses for the above period. The court granted the State's motion to produce, following which the plaintiffs rested their case. The State then withdrew its motion to produce and moved for a directed verdict on the issue of business loss. This motion was denied.

■ The objection to Mr. O'Brien's testimony relative to profits goes only to the mode of proof, rather than its substance. Whether or not any records were available does not appear from the transcript. This is now beside the point. If no records were available, then the claim of the State is lacking in substance. By withdrawing its motion to produce the State impliedly waived its objections to the mode of proof and cannot now complain and urge prejudicial error. On the subject of the best evidence rule as relating to books, records, etc., see *Standish* v. *Newton,* 103 Vt. 85, 87, 88, 152 Atl. 41; *Capital Garage Co.* v. *Powell,* 99 Vt. 12, 16, 130 Atl. 754.

o

The special verdict of $3,000 for loss of business is amply supported by the evidence. The trial court's action in denying the motion to set aside the verdict of $15,000 was proper.

*Judgment affirmed.*

## On Motion for Reargument

**Shangraw, J.** Upon the handing down of the opinion in the above case the defendant moved for leave to reargue. The opinion was recalled and revisions have been made to conform to matters brought to our attention in the motion for reargument.

Other than the changes which have been made, the remaining question presented in the motion to reargue relates to proof of business loss. None of the points as presented in the motion relating to this issue were overlooked or misapprehended when the appeal was considered.

The revision of the opinion does not change the result previously reached and the entry order is not affected. No ground for reargument appears. The motion is denied.