## Leonard J. Bissonnette and Rolande M. Bissonnette v. State Highway Board

[ 207 A.2d 151 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 2, 1965

*Lisman & Lisman* for plaintiffs.

*Joseph E. Frank* for the State.

**Shangraw, J.** This is a land condemnation case in which the date of taking was May 13, 1961. The plaintiffs are husband and wife and owned property located on both sides of U. S. Routes 2 and 7 in the Town of Colchester just north of the boundary of the City of Winooski, Vermont. Commencing on the west side of the highway, slope rights for a depth of twelve feet were taken along 635 feet of the frontage of the lot developed for a motel operation. On the east side of the highway slope rights for a depth of twenty-two feet were taken along 75 feet of frontage in a vacant lot. The fee remained in the plaintiffs subject to the condemned slope rights. There were no other takings.

The highway board awarded the plaintiffs as compensation the sum of $400. Plaintiffs appealed to the Chittenden County Court pursuant to the provisions of 19 V.S.A. §231. After trial by jury a general verdict of $6,000 was returned on July 10, 1963. The general verdict represented the total of two special verdicts. One was for $2,700 representing the value of the easement or slope rights con-

demned. The second was for $3,300 representing the damage to the property as retained by the plaintiffs.

Following the verdict a judgment was entered for the plaintiff in the amount of $6,397.99. This judgment order represented the amount of the verdict plus taxable costs and interest to July 10, 1963, diminished by $380 paid to the plaintiffs by the State of Vermont following the taking. The defendant has appealed.

Error is assigned to the trial court's refusal to strike certain opinion testimony of plaintiff Mr. Bissonnette as to loss in value of property in question occasioned by the taking, also, to a portion of the court's charge relating thereto. These two issues are briefed by defendant under a single heading, and by reason of their relationship they will be so treated in this opinion.

The property in question located on the easterly and westerly sides of the highway was purchased by the plaintiffs in 1953. In the same year plaintiffs started the development of a motel business on the westerly side of the highway by erecting 13 motel units. Between 1959 and 1961 this was followed by the addition of 8 motel units, a lanudry building, an eight-room house in part occupied as an office, and a swimming pool. This motel business has operated since the erection of the first units. No buildings have been erected on the lot located on the easterly side of the highway.

It was developed during trial that by reason of the taking of the slope rights on the west side of the highway, and highway construction creating a ditch, that access to the motel had been restricted. To overcome this objection another driveway is necessary involving an additional culvert. A relocation of the motel sign was also necessary. Furthermore, the taking of slope rights would have an adverse effect on the erection of additional motel units on the land not within the slope. Evidence was introduced that, among other things, drainage of the vacant lot on the easterly side of the highway had been impaired, reducing its commercial value. All this Mr. Bissonnette was familiar with at the time of trial and testified to in a large measure. These facts are otherwise supported by the record. He had also checked recent sales of lots of land in the immediate area.

Having fully described the property, its present and probable uses, Mr. Bissonnette on direct examination stated that in his opinion the property on the west side of the highway had decreased in value between $10,000 and $15,000 by reason of the taking of the slope rights,

426

and damage to the remainder. To this testimony no objection was interposed by the state. He also expressed an opinion that the land on the easterly side of the highway became useless by reason of the accumulation of water but gave no judgment or opinion as to its value or damage.

The transcript reveals the following re-direct examination of Mr. Bissonnette.

"Q. You testified that in your opinion, the loss in value to your motel property is between $10,000 and $15,000—is that right?
A. Yes.
Q. What do you base that on in general?
A. That is between the loss now and what it was before.
Q. Did you have offers for the property before the Highway Department came in there?
A. Yes.
Q. Have you had offers for the property since?
A. Yes.
Q. Has there been a difference in those offers?
A. Yes.
Q. You figure that difference is $10,000 to $15,000?
A. Yes."

The foregoing was admitted without objection. However, following its admission the state moved to "strike his estimate of the damages because they are based on improper foundation." The motion was denied which serves as a ground for the defendant's first assignment of error.

The defendant's second assignment of error concerns the court's charge as it relates to the opinion of Mr. Bissonnette of the land values of which he was part owner. The court correctly followed the provisions of 12 V.S.A. §1604 by stating that Mr. Bissonnette was a competent witness on this issue. This statute provides: "The owner of real or personal property shall be a competent witness to testify as to the value thereof."

The assigned error in the charge is in the following language: ". . . we object to the court's charge that Mr. Bissonnette's opinion of value is competent because, so far as he indicated, the exclusive basis for his opinion were the incompetent offers. . . ."

Since the enactment of the above statute, section 1604, supra, we have on a number of occasions held that an owner of land condemned for highway purposes was a competent witness to testify as to the value of his land. *Colson* v. *State Highway Board,* 122 Vt. 392, 397-398, 173 A.2d 849; *O'Brien* v. *State Highway Board,* 123 Vt. 414, 417, 190 A.2d 699; *Fiske* v. *State Highway Board,* 124 Vt. 87, 91, 197, A.2d 790. In fact, before the enactment of the above statute, section 1604, supra, once the proprietor was shown to be familiar with his property and had some understanding of its value, he was permitted to estimate its worth, leaving the weight to be given his opinion to the jury. *Fiske* v. *State Highway Board,* supra, p. 94, citing *Teitle* v. *London and Lancashire Insurance Co. Ltd.,* 116 Vt. 228, 229, 73 A.2d 300; 3 Wigmore Evidence, §716, p. 48 (3rd Ed.).

 The defendant urges that Mr. Bissonnette's opinion as to the decreased value of the property was based on offers which he had received before and after the taking, and therefore based upon an improper foundation. He did not so testify. He was not inquired of as to whether he based his opinion on those offers. The only question asked him for the basis of his opinion elicited the answer that it was based on "between the loss now and what it was before."

To accept the defendant's view as a foundation of Mr. Bissonnette's opinion would be placing a strained interpretation on his testimony. Prejudicial error does not appear.

From what has been said concerning the opinion evidence of Mr. Bissonnette, it follows that the assignment of error to the court's charge on this related issue is without merit.

*Judgment affirmed.*