# Dennis E. Coon and Dorothy Coon
## v.
## State Highway Board

[211 A. 2d 234]

April Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed June 1, 1965

*Robert H. Brown* for plaintiff.

*Keith E. King* for the State.

**Shangraw, J.** This is a highway condemnation case appealed to the Franklin County Court under the provisions of Chapter 5, Title 19, V.S.A. The State Highway Board initially awarded $750.00 for the taking. Upon an appeal to the county court, and a trial by jury, the latter returned a verdict of $750.00. The land so taken is located in Highgate, Vermont. The taking took place August 2, 1962.

Following the verdict, and before judgment, plaintiffs filed a motion to set aside the verdict and for a new trial, bringing to the trial court's attention the claims of error. Plaintiffs' motion was denied. Ninety-five percent of the initial award had already been paid the plaintiffs under the provisions of 19 V.S.A. §230, as amended. Judgment was therefore entered on the verdict for the plaintiffs to recover the balance of 5% diminished by costs of $7.00 taxed and allowed against the plaintiffs. The plaintiffs have appealed on five separate issues.

The State acquired two contiguous parcels of land, one containing 9.1 acres, and one of 1.7 acres, a total of 10.8 acres, which had been used and operated by the plaintiffs as a sand pit for about eight years. The sand in this pit was a good quality of bank run sand and suitable for purposes of concrete or mortar, and of certain grades of asphalt. The sand was quite free from soil, clay and silt. It was clean and considered a valuable type of sand for concrete purposes. No buildings were located on the premises. There appears to be no question but that the premises before the taking had a highest and best use as a sand pit and sand producing land.

The land taken was a part of a larger tract containing between 17 and 18 acres. After the taking there was left about 6 or 7 acres, consisting of a small piece of land westerly of that condemned, and also a lot of about 5.9 acres. These two parcels were separated by land taken by the State, and in most part covered with sand, brush, and small trees.

Plaintiff, Dennis Coon, had been in the general trucking business for about 20 years, and also dealt in gravel and stone. In addition to the foregoing he sold, loaded, and trucked sand and fill from his gravel pit. This had continued since 1956. His equipment consisted of two dump trucks, one small truck, two tractor loaders and a bulldozer. Plaintiffs sold approximately 2000 yards of sand each year out of their sand pit — that is about 1000 yards of fill, and 1000 yards of cement sand and sand for other purposes. The basic charge for fill sand in the pit was 15 cents a cubic yard, before loading. The charge for other sand in the pit was 55 cents per cubic yard, before loading. Additional charges were made for loading and trucking by the plaintiffs.

The entire property was purchased by the plaintiffs in 1955 at a cost of $600.00. Mr. Coons expressed the opinion that the fair market value of the property before the taking was between $6,000 and $7,000 and that the remaining land was worth about $400. The State's evidence was to the effect that the market value of the property before the taking was $900. and that the remaining property had a value of $150.

By reason of plaintiffs' sand pit operations they sought in this action to recover, among other items of damage, for business loss under 19 V.S.A. §221 (2) which in part reads:

"Damages resulting from the taking or use of property under the provisions of this chapter shall be the value for the most reasonable use of the property or right therein, and of the business thereon,

and the direct and proximate lessening in the value of the remaining property or right therein and the business thereon".

During the trial, the court, in response to a request by the defendant, ruled that the bare taking of land upon which there was an operating sand pit did not involve a compensable business loss. The court indicated to plaintiffs' counsel that if plaintiffs were seeking to recover business loss, above and beyond the value of the land, with its sand deposit in place, evidence to this end would be excluded. To this ruling counsel for the plaintiffs made no response. On this issue see, *Penna* v. *State Highway Board,* 122 Vt. 290, 170 A. 2d 630; *Record* v. *State Highway Board,* 121 Vt. 230, 237, 154 A. 2d 475. The court charged that the measure of damage was the difference in value of the land before and after the taking. No reference was made to business loss. The instructions were not excepted to by plaintiffs, and therefore not for consideration on appeal. *Loomis* v. *Abelson,* 101 Vt. 459, 463, 144 Atl. 378; *O'Brien* v. *Dewey,* 120 Vt. 340, 346, 143 A. 2d 130. The issue of business loss is not for this Court's consideration.

Plaintiffs' next assignment of error relates to the exclusion of the opinion evidence of Lucien A. Demers of St. Albans, Vermont. This witness testified that he owned a sand pit, and had been engaged in highway construction for about 15 years. On being asked as to the market value of the Coon pit, objection was interposed by the State, and the objection sustained. The competency of this witness was a preliminary question for the trial court. While Mr. Demers was familiar with the Coon property, we cannot say that the exclusion of his opinion evidence was erroneous, nor was founded on an error of law. *Farr* v. *State Highway Board,* 122 Vt. 156, 160, 166 A. 2d 187.

Mr. George C. Stanley qualified as a contractor and engineer familiar with asphalt, sand, and concrete of all kinds. He testified that he made borings on plaintiffs' land, took samples, and at a five foot depth on parcels containing 10.8 acres taken by the State, estimated the presence of 86,400 cubic yards of good quality sand. He also estimated that there was approximately 120,000 cubic yards of sand on the 5.9 acre parcel retained by the plaintiffs and located east of the land taken by the State. The covering on this 5.9 acre parcel is mostly scrub growth and would require removal before the same could be taken from this land. Mr. Coon testified that the cost of removal of this overburden would be $75.00 per acre.

Mr. Stanley and Mr. Demers were also each inquired of as to the cost of removing the overburden. The State objected to this line of

inquiry and was sustained. To this exclusion plaintiffs claim error. This evidence was considered material by the plaintiffs on the question of business loss in the development of the remaining land as a sand pit. Notwithstanding this exclusion, the cost of such removal through the testimony of Mr. Coons was before the jury as relating to the fair market value of the remaining land. Plaintiffs have not established prejudicial error on this point.

John W. O'Neill, chief appraiser for the highway department, was called as a witness for the State and testified that he had appraised property in various parts of the State, and at one time also acted as a real estate broker in the City of Burlington, Vermont for about 10 years. Prior to the appraisal by him of the Coon property a "land economic study" was made in the Swanton-Highgate area for the purpose of determining what sales of comparable property had been made during the last three or four years.

In evaluating the Coons property he resorted, in part, to the market data approach, that is comparable property sales in the community, and considered sales of sand pits to Dubois, Picard, and Howrigan. These ran from $25.00 to $45.45 per acre. He did not consider a sale from Howrigan to the Swanton Lime Works at $151.00 per acre, believing it to be a speculative type of transaction for some manufacturing process. Mr. O'Neill gave as the fair market value of the Coon property before the taking $900.00, and expressed the opinion that the remaining property, described by him as woodland or bush land, had a value of $150.00, representing damages to the plaintiff of $750.00.

Plaintiffs urge that there was error in the reception of Mr. O'Neill's opinion evidence, in that the "market data" used by him did not involve an operating sand pit. As a further basis of Mr. O'Neill's opinion he considered "The general run of pits in this area . . .," also location, improvements, topography and anything that had to do with a particular property. Prior to trial he had examined the Coon property. Again, the competency of this witness was a preliminary question for the trial court. See *Farr* v. *State Highway Board*, supra, p. 160. Furthermore, the essence of plaintiffs' claimed error is addressed to the weight of the testimony, rather than its admissibility. No error appears.

Plaintiffs have set forth several grounds in support of their motion to set aside the verdict and grant a new trial. The first relates to the exclusion of business loss. We have already disposed of this issue. Further discussion on this subject is not required.

It is urged that the verdict is inadequate. While there is a sub-

stantial difference between the opinion evidence presented by the State and that of the plaintiffs of the value of the land before and after the taking, it was the jury's province to determine which were the acceptable figures. The plaintiffs are in effect asking this Court to re-evaluate the facts on the issue of damages. We cannot say as a matter of law that there is no evidence to support the verdict. On the contrary, there is evidence fairly and reasonably tending to support the verdict. See, *Merrill* v. *Reed,* 123 Vt. 248, 252, 253, 185 A. 2d 737; *O'Brien* v. *State Highway Board,* 123 Vt. 414, 417, 190 A. 2d 699; *Grow* v. *Wolcott,* 123 Vt. 490, 492, 493, 194 A. 2d 403; *Bailey* v. *Cabot,* 124 Vt. 153, 157, 197 A. 2d 783.

The court charged that the measure of damage was the difference in value of the land before and after the taking, considering its most reasonable use. It also charged that it was proper to consider the mineral deposits, such as sand and gravel, in determining the fair market value of the land as a whole, but not permissible to determine separately the value of the deposits and add this to the value of the land as a unit. This is consistent with the rule contained in *Farr* v. *State Highway Board,* supra, p. 337. The charge was unexcepted to and became the law of the case. *Senna* v. *Gero,* 118 Vt. 331, 335, 109 A. 2d 344.

The remaining grounds set forth in the motion to set aside the verdict have either been disposed of in this opinion, or not briefed, and required no consideration.

Plaintiffs are not entitled to a new trial.

*Judgment affirmed.*