# Wayne A. and Mary E. Young v. State Highway Board

[290 A.2d 29]

No. 4-70

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 4, 1972

*Richard E. Davis,* Barre, for Plaintiffs.

*James M. Jeffords,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, for State Highway Board.

**Barney, J.** The plaintiff property owners are appealing the award in a highway condemnation case. By agreement, the matter was tried by court, and all findings other than those required by 12 V.S.A. § 1904a were waived. The court found the value of the land taken, amounting to .9 of an acre, to be $1250, and set the damage to the remaining property at $2000, for a total recovery of $3250.

In the preparation of the appeal it was discovered that there was an error in transcribing one figure in the testimony of an expert. The reporter went back to her original notes and retranscribed the testimony correctly, and has certified the same. We accept the record as now correct, under our authority stated in V.R.A.P. 10(e), particularly since the first version was completely inconsistent with the remainder of that witness' testimony. This disposes of one of the questions raised by the appeal.

Two other issues, relating to the formulation of the opinion testimony of the expert appraisers in the case, suffer from the deficiency here of not having been, in any way, raised below. In our examination of the record we are not persuaded that they present error that would require reversal, even had the issues been properly saved.

The principal question for resolution on this appeal relates to a claim of business loss. The plaintiffs fault the trial court for not recognizing the issue in the findings, and not treating it as an element of their damage.

Business loss was a disputed issue of the trial. If found by the trial court, it would be an item to be reported under 12 V.S.A. § 1904a, even though all other findings were waived. In this case it is clear that the lower court determined that there was no separate business loss to be reported, and so made no finding. Even though it might be better practice to report the absence of business loss, under the doctrine of *Fiske* v. *State Highway Board,* 124 Vt. 87, 93, 197 A.2d 790 (1964), failure to do so where the record supports the determination that there is no such loss will not be grounds for reversal. Any obligation to report negatively on possible grounds for recovery under the statutory issues was discharged by the waiver of findings.

Thus we are left with the issue of whether or not the evidence in this case established business loss to a degree that required its recognition as a matter of law. We have already noted that it was a disputed issue, placing the trier of fact in a determinative position with respect to disposition of that question. *Coon* v. *State Highway Board,* 125 Vt. 89, 93, 211 A.2d 234 (1965).

224

In *Penna* v. *State Highway Board,* 122 Vt. 290, 292–93, 170 A.2d 630 (1961), Chief Justice Hulburd examined the factors that determine whether or not business loss is available as a facet of damage. Under the statute, 19 V.S.A. § 221(2), a plaintiff is entitled to be compensated both for the loss of his land and the loss of his business. But, if the evidence he presents concerning the land reflects both the value of the land and the business on it, separate compensation for business loss would give him double payment. As the *Penna* case, *supra,* says at 122 Vt. at 293:

> "In each instance the question arises to what extent, if any, does the evidence show that the plaintiff has suffered a loss to his business which has not necessarily been compensated for in the allowance made for his land. The nature of the business and the manner in which the plaintiff marshals his proof will be determinative as to whether the court will be justified in submitting the business loss as a separate item."

The next sentence of the opinion applies to this case as well: "In this case the plaintiffs made no attempt to keep the business loss an independent element." The plaintiff and his real estate appraiser testified to the condemnation loss in terms of the reduced value of the property for its highest and best use after the taking. The claimed loss of room for expansion, loss of parking space and the problems of snow removal were all taken into account. Thus, any damage to the business, if established, was incorporated in the claim of severance damage, which is the damage to the property remaining after the taking. With the evidence following this course, any award of separate business loss would represent a double recovery, and be improper. *Penna* v. *State Highway Board, supra,* 122 Vt. at 293.

■ In this case, as in *Record* v. *State Highway Board,* 121 Vt. 230, 237–38, 154 A.2d 475 (1959), the trial court could properly find that there were no business losses to be the subject of compensation, independent of an award for the land taken and for damages to the land remaining because the evidence was in conflict on the existence of such loss.

Furthermore, as has been said, because the evidence relating to the reduction in value of the property remaining embraced all of the losses to the business claimed, there was no proper place for separate business loss damages. The judgment of the lower court must be sustained.

*Judgment affirmed.*