STEPHEN THOMPSON *vs.* JEDEDIAH PERKINS & another, appellants.

No appeal lies from the judgment of a trial justice, rendered against the defendant by his express consent.

ON EXCEPTIONS.

CASE originally commenced and returned before a trial justice and brought into this court by appeal. So much of the justice's record, as is essential, is of the following tenor:

"And now the plaintiff appears, and the defendants appear; and the defendants plead not guilty; and the plaintiff, by consent of said defendants, takes judgment. It is, therefore, considered by me, the said justice, that the said Stephen Thompson recover of said Jedediah Perkins and Samuel M. Clark, the sum of twenty dollars

damages, and costs of suit taxed at eight dollars and sixty-eight cents; from which judgment the said Perkins and Clark claim an appeal, . . . and enter into a recognizance . . . to prosecute their appeal," &c.

The action was entered in this court at the January term, 1865, and at the May term, 1866, when the same came up for trial, the plaintiff moved the appeal be dismissed, on the ground that judgment was rendered in his favor by consent of the defendants. But the motion was overruled, and the plaintiff alleged exceptions.

*E. B. Smith,* for the plaintiff, cited R. S., c. 83, § 7; *Harrup* v. *Bagley,* 6 Ellis & B. 224; *Harris* v. *Hutchins,* 28 Maine, 102; *Turner* v. *Putnam,* 31 Maine, 557; R. S., c. 83, § 5; *Patten* v. *Starrett,* 20 Maine, 145; *Woodman* v. *Valentine,* 22 Maine, 401; Broom's Leg. Max. *129; 3 Chit. Gen. Prac. 534; *Van Sittart* v. *Taylor,* 4 Ellis & B. 910; *Andrews* v. *Elliott,* 6 Ellis & B. 338; *Colburn* v. *Murray,* 2 Maine, 336; *Hatch* v. *Allen,* 27 Maine, 58; *Carlisle* v. *Weston,* 21 Pick. 537; *State* v. *Bonney,* 34 Maine, 223.

Entry here gives no validity. *Hills* v. *Hills,* 19 Maine, 423; *Hatch* v. *Allen, supra; Waterville* v. *Howard,* 30 Maine, 105.

Objection not waived. *Smith* v. *Robinson,* 13 Met. 165; *French* v. *Snell,* 37 Maine, 100; *Dolliff* v. *Hartwell,* 38 Maine, 54; *Bailey* v. *Smith,* 12 Maine, 196; *Hilton* v. *Longley,* 30 Maine, 200; *Harris* v. *Hutchins,* 28 Maine, 102; *Bennett* v. *Green,* 46 Maine, 499.

Plaintiff entitled to costs. R. S. c. 82, § 94; *Harris* v. *Hutchins,* 28 Maine, 105; *Turner* v. *Putnam,* 31 Maine, 557; *Bennett* v. *Green, supra.*

*Drew,* for the defendants.
No brief came to the reporter.

WALTON, J. This action was originally commenced before a trial justice, and brought into the supreme court by appeal. The plaintiff moved to have the appeal dismissed on the ground that judgment was rendered in his favor by consent of the defendants. The motion was overruled. The plaintiff then proceeded to trial,

and his evidence being insufficient, in the opinion of the presiding judge, to entitle him to a verdict, he was nonsuited; to all which he excepts.

We think the motion to dismiss the appeal should have been granted. The record of the magistrate states that judgment was rendered in favor of the plaintiff by consent of the defendants. Such being the case they could not rightfully appeal. Parties aggrieved, by the judgment of a justice may appeal. (R. S., c. 83, § 7.) But when a party consents to have judgment rendered against him, he cannot rightfully claim to be aggrieved. It is a fundamental maxim that consent cures error. *Consensus tollit errorem.* (Co. Litt. 126.) The law provides that any party aggrieved by the ruling of a presiding judge of this court may except. But he cannot except to a ruling made with his consent, however erroneous. Nor has it ever been supposed that a judgment rendered in this court by express consent of the party against whom it is rendered, could be reversed on error. The reason is, that a party who consents to a judgment or a ruling against him is not, in contemplation of law, aggrieved thereby. Otherwise every piece of illegal evidence, ruled in by consent, would be ground of exception, and every judgment rendered by consent be liable to be reversed on writ of error. Undoubtedly a defendant may sit by and decline to make any defense, after he has put in a plea on which issue is joined, and the plaintiff will take judgment at his peril. In other words, a defendant may remain silent and not lose his right of appeal. But if he goes further and expressly consents that judgment may be rendered against him, he does lose his right to appeal. In the latter case, he cannot rightfully claim to be an aggrieved party, and none but aggrieved parties have a right to appeal. Thus parties, against whom judgment is rendered on default, cannot appeal. By not appearing to object, they impliedly consent that judgment may be rendered against them, and cannot, therefore, rightfully claim to be aggrieved. If such is the effect of implied consent, *a fortiori*, such ought to be the effect of express consent. The appeal which was attempted in this case was illegal and void, and the

judgment of the justice is still in force. *Harris* v. *Hutchins*, 28 Maine, 102. *Turner* v. *Putnam*, 31 Maine, 557. *Kimball* v. *Moody*, 18 Maine, 350. *Patten* v. *Starrett*, 20 Maine, 145. *Woodman* v. *Valentine*, 22 Maine, 401.

<em>Exceptions sustained. Action dismissed.</em>

Cutting, Kent, Dickerson, Barrows, Danforth, and Tapley, JJ., concurred.

Appleton, C. J., did not concur, but submitted his views as follows:

Appleton, C. J. The plaintiff contends that the action is not rightfully here. The defendants were duly summoned. They appeared and pleaded the general issue. The record of the magistrate shows that "the plaintiff, by consent of the defendant, takes judgment." Thereupon the magistrate renders judgment for twenty dollars; "from which judgment," the defendants claim an appeal, and enter into a recognizance to prosecute their appeal with effect.

The plaintiff insists, that, as the defendants consented to his taking judgment, they cannot appeal, however erroneous that judgment may be. But the whole record must be taken together. The defendants did not waive their right to appeal. They consented that the plaintiff might take judgment. When the court of common pleas existed, verdicts were frequently rendered by consent for the plaintiff or defendant, for the very purpose of carrying the case to the supreme court. No one supposed that thereby the right to appeal was lost. So in cases before justices of the peace, it has been a common practice to give judgment to the plaintiff or defendant, after filing the general issue, and then to appeal; thus saving the costs of the trial below, when it was intended that the cause should be carried to another tribunal. "A plaintiff may always," observes Bigelow, J., in *Ball* v. *Buck*, 11 Cush. 80, "after issue joined, purposely withhold his proof, allow judgment to go against him on the merits, and then claim his appeal."

This is what was done here, and parties so understood it. The

case was to be litigated. The defendants filed their plea and allowed the plaintiff to take judgment for the purpose of bringing the case into this court. The magistrate takes the defendants' recognizance, and issues no execution. The defendants claim an appeal, and he takes their recognizance.

The defendants, while consenting that the plaintiff might take judgment, did not consent that he might take judgment for what was not due or for more than was due. The defendants have a right to appeal from any judgment by which they have been aggrieved. This right is guaranteed by statute. Though they consented that the plaintiff might take judgment; they did not consent that damage might be assessed upon erroneous principles, or judgment be rendered upon causes of action not set forth in the plaintiff's writ. By R. S., c. 83, § 7, any person aggrieved by the judgment of the justice may appeal. The defendants may have been willing judgment should be rendered for one sum, and not for another. Suppose the suit was for five dollars, and the judgment was for twenty, would not the defendant be aggrieved by such judgment. Unless infallibility be predicated of justices of the peace, they may err in assessing damages; and if they err, the defendant will thereby be aggrieved, and if aggrieved, he may appeal. A judgment is rendered for a sum too large, or for a cause of action not embraced in the plaintiff's writ. Such " a judgment may be the proper subject of complaint by the aggrieved party, and may be corrected upon an appeal, if seasonably taken." *Holman* v. *Sigourney*, 11 Met. 439.

If there was consent, it was not that the justice should render judgment for what was not due, or for what was not included in the plaintiff's writ. The defendant is aggrieved to the extent of the error on the part of the magistrate.

The general rule that consent cures error is undoubtedly true. But the principle is hardly to be applied to a case like the present, when it is manifest that it was not intended that the judgment should be final in the court rendering it.

The cases cited do not sustain the plaintiff. The distinction be-

tween exceptions and appeals are distinct and obvious. Exceptions precede and delay judgment. Appeals follow judgment. They presuppose its rendition, and when duly taken, it is vacated. In *Mudgett* v. *Kent*, 18 Maine, 349, it was held that after final judgment, exceptions cannot be taken to any proceedings prior to its rendition. The reason is, because by the statute, giving exceptions, "all further proceedings shall be stayed," and the right to "render final judgment" is conferred upon the court before which the exceptions are to be heard and determined. The exceptions, though consented to, were contrary to the express provisions of the statute. In *Patten* v. *Stowell*, 20 Maine, 145, it was held, that exceptions were not allowable after a default, because a default is an agreement that judgment may be entered up against the defendant. In *Harris* v. *Hutchins*, 28 Maine, it was held, that an appeal could not be taken from the judgment of a magistrate after a default, when no issue had been joined. "The judgment of the justice in § 9," says Wells, J., "must be construed to mean a determination of the cause when the defendant appears and answers."