JOHN P. MCLAUGHLIN *v.* EARL A. GETMAN.

(83 A2d 513)

May Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 2, 1951.

*Angelo J. Spero* for the plaintiff.

*Black & Wilson* (*Stephen B. Richardson* on the brief) for the defendant.

ADAMS, J. This is an action of tort to recover damages for personal injuries by reason of being struck by an automobile operated by the defendant. Trial was by jury. At the close of the

plaintiff's evidence the defendant moved for a directed verdict on the ground that there was no evidence showing negligence on the part of the defendant and that the evidence showed that the plaintiff was guilty of contributory negligence. After some discussion pertaining to the motion the court adopted the procedure of suspending its ruling, saying that it would submit the case to the jury and if it brought in a verdict for the plaintiff it proposed to set it aside.

The case was thereupon submitted to the jury and it returned a verdict for the plaintiff. The defendant then made a motion to set it aside and enter judgment for the defendant on the grounds stated in his motion for a directed verdict. The motion was granted and judgment entered for the defendant. The case is here on the plaintiff's exceptions.

The procedure adopted by the trial court was novel and so far as has come to our attention without precedent in this jurisdiction. That does not necessarily condemn it. We know of nothing that prohibits it if the trial court sees fit to adopt it, certainly, where counsel acquiesce as they did here.

The grounds of the motion being that there was no evidence showing negligence on the part of the defendant and that it showed the plaintiff guilty of contributory negligence made the ruling thereon one of law and subject to review here. *French* v. *Wheldon,* 91 Vt 64, 68-69, 99 A 232.

The evidence must be taken in the light most favorable for the plaintiff as the motion in this respect is the same in nature and substance as a motion for a directed verdict. In fact here under the procedure adopted by the court it amounted to the same thing. If the effect of the evidence was as the defendant claimed it to be, the entry of judgment in his favor was without error. *Farrell* v. *Greene,* 110 Vt 87, 89-90, 2 A2d 194, and cases cited, *Collins* v. *Fogg,* 110 Vt 465, 470, 8 A2d 684.

We first consider the question of the plaintiff's contributory negligence. The testimony upon this issue came largely from the plaintiff himself. He was an adult 67 years old. At about seven o'clock in the evening of October 19th he was on the east side of South Main street in the city of Rutland, the course of which is north and south and straight for a considerable distance at the place in question. Its hard surfaced travelled portion was about 27 feet wide and there was a hard surface shoulder on its easterly side

about nine feet wide. The plaintiff wanted to get on to the west side of the street and started across. After he was on the easterly shoulder he looked in both directions and saw the lights of the defendant's car coming from the south. It was about 150 feet away at that time and the plaintiff stopped at the edge of the travelled portion of the street. He continued to watch it and waited for it to pass. When it was about 14 feet from him he took one step or two into the street and was struck by the car. It "shimmied" and seemed to come right into him as he turned to avoid it. He was about one step into the street when he was hit.

The burden was on the plaintiff to show his freedom from contributory negligence. *Steele* v. *Fuller,* 104 Vt 303, 308, 158 A 666; *Palmer* v. *Marceille,* 106 Vt 500, 507, 175 A 31; *Hill* v. *Stringer,* 116 Vt 296, 299, 75 A2d 657. He had the right to assume that the defendant would not drive in a negligent manner but he could not for that reason omit any care which the law required of him, as the rule applies only in favor of one whose own conduct measures up to the standard of due care. In any event he was entitled to proceed upon this assumption only until, in the exercise of reasonable care, he saw or ought to have seen that it was unwarranted. *Farrell* v. *Greene, supra,* at page 90, and cases cited.

He saw the defendant's car approaching and had stopped to let it pass. He continued to watch it. If he had used reasonable care or common ordinary prudence thereafter he would not have taken a step or two into the travelled part of the street when the car was only 14 feet from him. He thus deliberately and voluntarily placed himself in a position and place of greater danger. He stepped nearer to the place where the car would in a normal manner pass him. A reasonable regard for his own safety would dictate that he either remain where he was or step back, certainly not step forward into a place of greater danger and less safety. Common prudence would dictate that he make haste slowly to cross the street rather than anticipate the passage of the car and start before it reached a place opposite him or passed the place where he was standing. It is no answer to his fault to say that after such conduct on his part the defendant's car "shimmied" and seemed to change its course and come right into him. Certainly from the evidence the defendant did not attempt to run him down. The plaintiff's contributory negligence consists in doing what he did when he was keeping constant watch and, at the very least, ought to have known

the danger incident to his conduct. He is not excusable here because, as he claims, the defendant was negligent too. The law must be applied to each case according to its facts. Pedestrians and motorists have equal and reciprocal rights in the use of the highway. Each is bound to exercise due care. *Eagan* v. *Douglas,* 107 Vt 10, 15, 175 A 222. The plaintiff was guilty of contributory negligence as a matter of law.

Our conclusion in regard to the contributory negligence of the plaintiff makes consideration of the question of alleged negligence of the defendant unnecessary.

There was no error in setting aside the verdict for the plaintiff and rendering judgment for the defendant.

*Judgment affirmed.*

Note.—Sherburne, C. J., sat at the hearing of this case but by reason of illness did not take part in the decision.