## Lewis Bailey et al v. Town of Cabot

[197 A.2d 783]

December Term, 1963

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed February 4, 1964

*John D. Paterson* and *Robert B. Eldredge* (*Monti, Eldredge, Calhoun & Free* on the brief) for the plaintiffs.

*Richard E. Davis* and *Stephen B. Martin* for the defendant.

**Sylvester, J.** The plaintiffs seek to recover damages for injury they claim was inflicted on their property located in the defendant Town of Cabot, Vermont, which they allege to have been caused by the defendant Town of Cabot during a highway construction project. The case was tried by jury and a verdict was returned in favor of the plaintiffs in the sum of $850.00.

The defendant timely removed to set the verdict aside as to damages, or in the alternative, order the plaintiffs to file a remittitur. A majority court granted defendant's motion, ordered plaintiffs to remit $500.00 of the $850.00 verdict. The plaintiffs refused to comply with this order and the verdict was set aside as to damages.

The plaintiffs sought and were granted permission to appeal in accordance with the provisions of 12 V.S.A. §2386. The assistant judges, in their discretion, passed the cause to this Court for a determination of issues of law presented by its order directing plaintiffs to file a remittitur, and to the order setting aside the verdict as to damages.

The sole issue for this Court to review is the propriety of the trial court's ruling in ordering the plaintiffs to file a remittitur in the sum of $500.00, and upon their failure to comply, setting aside the verdict as to damages.

The record reveals the following facts: The plaintiffs are residents of New Hampshire. In August 1956, they purchased a small farm in the town of Cabot located on the highway leading from Cabot to Peacham. This property contained approximately 30 acres of tillable pasture and woodland.. There was a small house located thereon that was in a state of disrepair. Subsequently they acquired another parcel of meadow land containing about six acres that had been used for farm purposes.

During the summer of 1958 the defendant undertook, through its road commissioners, to repair, widen and improve a section of the highway extending along, past and adjacent to plaintiffs' property. In the course of this construction a number of shade trees situated along the side of the highway bordering plaintiffs' property were cut, stone walls, fences and shrubbery were destroyed and moved; many of the trees so cut, the stumps and a quantity of debris pushed by a bulldozer some 100 yards across plaintiffs' meadow land and deposited at various locations thereon. A quantity of stumps, limbs and brush was left in the meadow, requiring removal, and a portion of the meadow was left in a damaged condition.

Plaintiffs' declaration sounds in trespass, and is a claim for compensation for damages on the theory that in the absence of statutory condemnation, they are entitled to receive just compensation—that is "an equivalent in money" under Article 2, Chapter 1 of the State

Constitution. The right to recover on the latter theory was not questioned by the defendant. Plaintiffs rely on *Sanborn* v. *Village of Enosburg Falls,* 87 Vt. 479, 483, 89 Atl. 746; and *Griswold* v. *Weathersfield,* 117 Vt. 224, 226-227, 88 A.2d 839, for such right of recovery.

The measure of damages in highway condemnation cases, commonly referred to as the "before and after" rule, is basically established by Section 221(2) of 19 V.S.A. This section reads in part as follows:

> "(2) Damages resulting from the taking or use of property under the provisions of this chapter shall be the value for the most reasonable use of the property or right therein, and of the business thereon, and the direct and proximate lessening in the value of the remaining property or right therein and the business thereon."

This has been held to be the measure of damages in so-called highway condemnation cases. *Record* v. *State Highway Board,* 121 Vt. 230, 154 A.2d 475; *Rome* v. *State Highway Board,* 121 Vt. 253, 154 A.2d 604; *Penna* v. *State Highway Board,* 122 Vt. 290, 170 A.2d 630.

As an element of damage the plaintiffs claimed the right to recover compensation for the appurtenances, trees, stone walls, and fences located outside of the traveled portion of the highway, and which had existed there for a long period of time. Under the provisions of 19 V.S.A. §1452, a right or interest within a highway cannot be acquired by possession or occupation. *Bristol* v. *Palmer,* 83 Vt. 54, 65, 74 Atl. 332, 31 L.R.A., N.S. 881. This latter statute applies where Chapter 7, 19 V.S.A., relating to a survey or re-survey, has been complied with. *Colson* v. *State Highway Board,* 122 Vt. 392, 395, 173 A.2d 849. In this case, no attempt was made by the parties to establish the limits of the highway as originally surveyed or re-surveyed. The defendant relied upon 19 V.S.A. §36, which provides for an arbitrary three-rod width for all highways whose boundaries could not be ascertained.

In *Colson* v. *State Highway Board, supra,* at p. 395, this Court held that in the absence of definitive boundaries, established by

survey or re-survey, the taking of a stone wall which had existed since 1908, and located within the three-rod limit, could be considered in arriving at the fair market value of the property before and after the taking.

Plaintiffs claim the lower court was in error, first, in ordering a remittitur, and then setting aside the verdict, as they claim the verdict rendered by the jury was well within the range of the evidence on the before and after values of the property. *Penna* v. *State Highway Board, supra; Colson* v. *State Highway Board, supra.*

The defendant claims there was no abuse of discretion on the part of the Court in granting its motion for a remittitur and in setting the verdict aside, and contends, of course, that the ruling should stand. It takes the position that the court below, in ruling on its motion, did so in the exercise of its discretionary powers and relies on the well known case of *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 160, 130 Atl. 758.

Defendant's evidence tended to show that there was little or no damage to plaintiffs' property; one of its witnesses testified the damage would not exceed one hundred dollars, another that there was no damage.

Plaintiff Mrs. Bailey testified the before value was $3,000, the after value $1,000; Mr. Bailey, the other owner and plaintiff, testified these values to be $2,500, and $1,000 to $1,200 respectively. Kenneth Gosland, a 6-year lister for the town of Cabot, testified the property was valued at $3,000 prior to the construction work, and the depreciated value thereafter, $1,200 or $1,500.

With the evidence standing thus, it is apparent the jury was given wide latitude on the issue of damages.

Defendant's motion to set aside the verdict was based on four grounds:

"1. The amount of the verdict, namely, Eight Hundred Fifty dollars, ($850.00), is grossly excessive and wholly unwarranted and unsupported by any evidence in the case.

2. The verdict in said amount is clearly based on speculation, conjecture and guess work and not upon any evidence in the case.

3. The verdict in said amount is contrary to the instructions of the Court to the effect that said verdict should be fair and

reasonable and based upon the consideration of all the evidence in the case.

4. The Jury either misunderstood or disregarded the Court's charge as to damages."

Its motion for a remittitur was as follows:

"As an alternative for the relief prayed for in Part A hereof, the defendant further moves that the Court, in its discretion and in order to correct the injustice resulting from the aforesaid verdict and in order to avoid a new trial of this cause on the issue of damages, order a remittitur in such sum as to this Court shall be deemed reasonable and just."

In considering the lower court's ruling on defendant's motion to set aside the verdict, we must keep in mind the distinction between a motion to set aside a verdict as against the evidence and a motion to set it aside because there is no evidence to support it. Where there is some evidence which has a tendency to support a verdict it is the province of the jury to consider, construe, determine its weight and decide the case according to the way the evidence preponderates. In such a case, this Court on review will not disturb a lower court's ruling except where it appears there has been an abuse or withholding of its discretion. But where it is claimed the verdict should be set aside because there is no evidence to support it, it them becomes a question of law and is subject to review, and if there is any evidence fairly and reasonably tending to justify and support the verdict, it should not be disturbed. *Belock* v. *State Mutual Fire Insurance Co.,* 106 Vt. 435, 439-440, 175 Atl. 19; *McLaughlin* v. *Getman,* 117 Vt. 25, 83 A.2d 513; *Laferriere* v. *Saliba,* 119 Vt. 25, 30, 117 A.2d 380; *O'Brien* v. *Dewey,* 120 Vt. 340, at p. 349, 143 A.2d 130; *Dashnow* v. *Myers,* 121 Vt. 273 at p. 278, 155 A.2d 859.

These cases clearly define the distinction between a motion to set aside as against the evidence, and one based upon the ground there is no supporting evidence.

Grounds one and two of defendant's motion are, in effect, that the verdict was wholly without evidentiary support; this being so, the rule as to discretionary review does not apply and the lower court's ruling on the motion is revisable.

In passing the case in this Court on an order in accordance with the provisions of Section 2386, *supra*, the court below stated:

."It being further made to appear and this Court having found that substantial questions of law are raised by the granting of the prior Order and by this Order in implementation thereof and by all other rulings and orders of the Court in this cause and as this Court finds that the orderly disposition of the case will best be promoted by the determination of those questions of law before trial on the issue of damages, it does hereby, in its discretion, pass the case to the Vermont Supreme Court for determination of all issues of law heretofore raised and as shall be properly presented to the Supreme Court."

We call attention to this portion of the order as well as having pointed out the distinction between a motion to set aside as against the evidence, and one to set aside based on the grounds that there is no supporting evidence, because of the statement contained in defendant's brief to the effect "The sole issue for the Court to determine is whether the Trial Court abused its discretion by ordering the plaintiffs to file a remittitur in the sum of Five Hundred Dollars ($500.00), and upon failure to comply, setting aside the verdict as to damages."

Grounds three and four of defendant's motion are not briefed so are not for consideration here.

In passing upon defendant's motion to set aside the verdict, the evidence must be viewed in the light most favorable to the prevailing party and the effect of modifying evidence is to be excluded. *O'Brien* v. *State Highway Board,* 123 Vt. 414, 417, 190 A.2d 699; *Mattison* v. *Smalley,* 122 Vt. 113, 116, 165 A.2d 343.

Without making an extended review of the evidence it is clear there was ample evidence on the issue of damages from which the jury could reasonably find that the plaintiffs were entitled to recover the amount of the verdict of $850.00. The verdict was well within the scope of values placed upon the property in accordance with the before and after rule.

The court was in error in ordering the verdict set aside. *Order setting aside the verdict as to damages is reversed. Judgment entered on the verdict.*