# Standard Packaging Corporation v. Julian W. and Patricia A. Goodrich

[300 A.2d 541]

No. 41-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

Motion for Reargument Denied February 6, 1973

*George W. Ray, Esq.,* of *Black & Plante,* White River Junction, for Plaintiff.

*Donald O'Brien, Esq.,* Burlington, for Defendants.

**Barney, J.** This is an action seeking injunctive relief and a declaration of the rights of the parties in connection with a lease. The order in the case recites only that, "It is Ordered and Adjudged that Plaintiff have Judgment for relief requested and its costs of action." Although neither party has objected to the form of the order or its failure to comply with the request for a declaration of the rights of the parties [see *Campbell* v. *Blair,* 127 Vt. 157, 161, 241 A.2d 791 (1968), and *Proctor* v. *Woodhouse,* 127 Vt. 148, 156, 241 A.2d 785

(1968)], the shortages in both findings and order seriously compromise appropriate judicial review. Attention to the interests of the litigants requires, however, that this Court advance, so far as proper, the disposition of this disagreement.

The principal defendant, Julian W. Goodrich, is a registered architect. His architectural firm designed and built the industrial warehouse which is the subject of the lease involved. The plaintiff is a large paper products firm, present lessee of this building. The company is in the business of converting paper board into paper products such as paper plates, food trays, paper cans and food pails in a plant at St. Albans. The warehouse is one of the buildings of this plant and is a very large building. The plant employs between 290 and 450 people, and the greater portion of the container divisions annual sales volume of between $16,000,000. and $20,000,000. is produced at this plant and stored before shipment in this warehouse.

In June of 1971 the plaintiff-lessee brought suit against the defendants Goodrich and the firm of Julian W. Goodrich Architects, Inc. The suit at law complained of defective design and construction of the warehouse by the defendants, resulting in damage to the plaintiff's products. In September, 1971, the defendant-lessors sent a letter to the plaintiff asserting a number of failures on the part of the plaintiff to repair and keep up the leased premises as provided in the lease. The letter called the plaintiff's attention to the provisions in the lease allowing termination after thirty days' notice of failure to perform or comply with terms of the lease. Receipt of this letter prompted the institution of this declaratory judgment proceeding to ward off termination of the lease.

The lower court determined that the plaintiff took appropriate and adequate corrective action as to the claimed defaults, other than those requiring more favorable weather or arising from alleged faulty design or construction. As a consequence the court found that, as to the items set out in the September, 1971, letter of Goodrich to the plaintiff, termination ought not to be allowed.

Stated in classical equitable terms, the real issue of this litigation is forfeiture, which equity abhors. *Deerfield Lumber Co.* v. *Lyman,* 89 Vt. 201, 210, 94 A. 837 (1915). The correctness of enjoining termination of the lease for trivial default is beyond question under chancery law based on that abhorrence. *Braune* v. *Rochester,* 126 Vt. 527, 537, 237 A.2d 117 (1967).

Moreover, the very identification of certain important items as defaults is involved in the other litigation where they are claimed to be chargeable against the defendants. Since that litigation was earlier commenced, and has not been incorporated into this action, it is proper and necessary that final relief here await disposition of that suit.

Furthermore, the findings and judgment do not set out which alleged defects, of those which do not relate to the civil litigation, have been corrected and which are too trivial to support default, if either. In such circumstances the injunctive relief ought not to be permanent until all these issues are affirmatively decided in one litigation or the other. Thus it is necessary that this case remain pending as a chancery action in order that it be available for final disposition at the appropriate time, and to allow the supervisory function of chancery with respect to equitable relief during the pendency of civil litigation be exercised.

Findings made under Rule 52, V.R.C.P., are required to report the factual ingredients essential to the disposition. It is all too apparent that, were the equitable issues being finally disposed of at this point in the litigation, the findings are inadequate and the litigants poorly served. Although there is enough before this Court to sustain the interlocutory disposition necessary here, final proceedings will undoubtedly require more. Not only must the proven episodes relating to the claims for default be reflected in the findings, but also the pertinent portions of the lease essential to a resolution of the litigation. The rules of procedure also require conclusions of law, which are of particular importance with respect to declaratory judgment actions. Rule 52, V.R.C.P.

In order that this matter be properly dealt with, both currently and ultimately, it must be returned to the lower

court for the issuance, over the signature of the lower court, of a new order, providing for interim injunctive relief and retaining jurisdiction until further proceedings disposing of the matter are appropriate. The new injunctive order, as well as the final findings and judgment, must comply with Rules 52 and 65, respectively, of V.R.C.P.

*The injunction against termination of the lease is continued by order of this Court, pending the issuance of a new restraining order below; the decree is reversed and the cause is remanded for the issuance of a new temporary restraining order, to continue in force until further order of the Chittenden County Court bringing the case forward for further hearing and decision on the making of the injunction permanent and declaring the rights of the parties as requested in the bill of complaint, or otherwise disposing of the litigation.*

## Motion for Reargument

**Barney, J.** The defendants moved for reargument in this case claiming that the entry order conflicts with statements in the opinion with respect to disposition of this case and its companion case relating to claimed defective design and construction of a warehouse. The difficulty arises from the conflict between the defendant landlords' right, sanctioned by eviction, to insist on the carrying out of maintenance by the tenant and the tenant's claim that the poor conditions in the building arise from faulty construction. In one or the other of these litigations these claims have got to be sorted out as issues of fact.

The facts in this case were inadequate to support the judgment, and, whatever the determination is as to the declaration of the rights of the parties and the appropriate relief, new findings supporting the decision are necessary. Whether the issues raised require a determination of questions raised in the other litigation, or whether independent grounds sufficient to support termination of the lease exist, are questions to be resolved below. Nothing in the mandate prevents this.

The matter stands for new findings and order. Any impinge-

ment in the companion litigation can and should be resolved below accordingly as it develops.

*Motion for reargument denied. Let full entry go down.*