## Wesley VanVelsor v. John J. Dzewaltowski and Arlene Dzewaltowski

[385 A.2d 1102]

No. 181-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 4, 1978

104

*Divoll & Doores, P.C.*, Bellows Falls, for Plaintiff.

*Fink & Birmingham*, Ludlow, for Defendants.

**Billings, J.** In March, 1973, plaintiff, a builder, contracted with defendants to construct an exterior shell of a house on defendants' property for a contract price of $20,900.00. During the course of construction, plaintiff at the request of the defendants performed certain additional labor and provided certain additional materials for an added cost of $1,482.43 to defendants. In October, defendants became dissatisfied with the plaintiff's work and ordered him to cease operations. The work was substantially completed at that time. As shown by the detailed final invoice submitted to defendants, defendants had paid plaintiff $15,400.00 of the

contract price, and plaintiff estimated that his cost to complete the contract would be $1,303.80.

The plaintiff sued defendants for the balance due under the contract less plaintiff's cost for time and material necessary to complete the contract. The defendants filed a counterclaim that, in essence, alleged plaintiff's prior breaches forced defendants to terminate the contract; they sought damages for their cost in curing alleged defects in the work and in completing the contract.

The trial court gave plaintiff judgment for $5,678.63, the amount due under the contract less the credit of $1,303.80. The trial court also gave judgment to the defendants on their counterclaim in the amount of $3,869.92, which is a sum paid by defendants to a contractor and supplier for labor and material necessary to complete the contract. Only plaintiff has appealed.

Plaintiff has raised numerous claims of error on appeal. In view of our disposition of this matter, we need only be concerned with three of them. First, plaintiff alleges that the trial court failed to find essential facts necessary to support its judgment on defendants' counterclaim. Secondly, plaintiff charges that the trial court erred when it denied interest to the plaintiff on his judgment. Lastly, plaintiff claims that the trial court erred by deducting from plaintiff's judgment his cost to complete the contract, while giving defendants judgment for their cost to complete the contract, thereby granting defendants a double recovery on their claim.

In an action for breach of a construction contract, the measure of damages depends upon which party breached the contract. Where the owner breaches the contract by demanding that the work shall stop, the contractor is entitled to recover the contract price less his cost to perform the remainder of the contract. 5 A. Corbin, Contracts § 1094 (1964); see *Gibson* v. *Wheldon*, 82 Vt. 175, 180, 72 A. 909, 911–12 (1909). On the other hand, if the contractor breaches the contract by defective construction, whether the breach is partial or total, or by refusal or failure to complete the work, "the [owner] can get a judgment for damages measured by the reasonable cost of reconstruction and completion in accordance with the contract, if this is possible and does not

involve unreasonable economic waste." 5 A. Corbin, *supra*, § 1089, at 485. In particular, if the contractor has rendered substantial performance of the contract, failing only in some minor particulars, the owner may set off against the contract price a fair allowance to make good the defects. *Vermont Structural Steel Corp.* v. *Brickman*, 126 Vt. 520, 523, 236 A.2d 658, 660 (1967).

■■ The measure of damages applicable to the instant situation depends upon whether defendants were justified in terminating the contract. Inexplicably, the trial court made no finding on this issue. Findings of fact made under V.R.C.P. 52 must state the facts essential to the disposition of the cause. *Standard Packaging Corp.* v. *Goodrich*, 131 Vt. 57, 59, 300 A.2d 541, 543 (1972). The trial court's failure to do so here mandates reversal. Because the factual issues raised by the counterclaim are so closely connected with those raised by plaintiff's claim, the reversal must encompass both judgments.

■■ The trial court failed to include in its judgment a provision for interest. Interest is a legal right of the plaintiff. *Vermont Structural Steel Corp.* v. *Brickman*, 131 Vt. 144, 148, 300 A.2d 629, 631 (1973). Interest begins to run from the time the debt becomes payable or payment is demanded, or when suit is brought, a judicial demand. *Id.* at 147, 300 A.2d at 631. Here there is no finding either of the date that the debt became payable or of a demand, and therefore interest runs from the date suit was brought, February 19, 1975. *Id.* Since the contract does not stipulate a rate of interest, the plaintiff is entitled to interest on his judgment at the legal rate from that date. See *id.* Fairness mandates that defendants also be allowed interest at the legal rate on their judgment from the date of demand, which, on this record, is the date their counterclaim was brought, March 15, 1975.

■ Finally, the trial court's order allowed defendants two separate recoveries for the cost of completing the contract by reducing plaintiff's judgment by his estimated cost to complete the contract, while giving defendants judgment for their

actual cost to complete the contract. This is obviously erroneous in that the order is based on inconsistent theories of recovery which the trial court failed to resolve.

The interests of justice are best served by giving plaintiff alternate remedies. Plaintiff may elect a new trial on all issues, or he may accept a corrected judgment as provided below.

*The judgments are reversed. The cause is remanded for entry of a corrected judgment by adding $1,303.80 to plaintiff's judgment, by granting interest at the legal rate on his judgment from February 19, 1975, and by granting interest at the legal rate on defendants' judgment from March 15, 1975, or, at the election of the plaintiff, for a new trial on all claims.*