MORAN TRAVEL BUREAU, INC. *vs.* JAMES E. CLAIR. June 3, 1981. The plaintiff's president, Doran, prepared an itinerary and made travel reservations at the request of the defendant for the 1970 annual field trip of the Ancient and Honorable Artillery Company of Massachusetts (Ancients). Despite Doran's efforts, another travel agent was hired, and the plaintiff brought this action. A jury awarded the plaintiff $15,000. The defendant, who had moved unsuccessfully for a directed verdict at the close of the evidence, moved for judgment notwithstanding the verdict. As permitted by Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974), he joined his motion for judgment n.o.v. with a motion for a new trial. A judge of the Superior Court allowed the motion notwithstanding the verdict and conditionally allowed the motion for a new trial. Mass.R.Civ.P. 50(c), 365 Mass. 815 (1974). As required by that rule, the judge specified the grounds for allowing the motion for a new trial, namely, that the verdict was excessive and, following Mass.R.Civ.P. 59(a), 365 Mass. 827 (1974), ordered a remittitur of $6,500. Rule 59(a) provides that "[a] new trial shall not be granted solely on the ground that the damages are excessive until the prevailing party has first been given an opportunity to remit so much thereof as the court adjudges is excessive." The effect of the conditional allowance of the motion for a new trial and of the order of remittitur was to provide that in the event the judgment n.o.v. should be vacated or reversed on appeal, a new trial would be held unless the prevailing party should accept the remittitur. The plaintiff did accept the remittitur. It now appeals from the judgment n.o.v. and also claims error in the order of remittitur.[1]

In determining whether the judge acted properly in entering the judgment n.o.v., we apply the same criteria as are applicable to motions for directed verdicts, *D'Annolfo v. Stoneham Housing Authy.*, 375 Mass. 650, 657 (1978). We therefore view the evidence, including all reasonable inferences therefrom, in the light most favorable to the plaintiff. *Boyle v. Wenk*, 378 Mass. 592, 593 (1979). *O'Shaughnessy v. Besse*, 7 Mass. App. Ct. 727, 728 (1979). *Bicknell, Inc. v. Havlin*, 9 Mass. App. Ct. 497, 497-498 (1980).

Applying that standard, we conclude that there was sufficient evidence in the plaintiff's favor to withstand a motion for a judgment n.o.v. There was testimony which warranted findings by the jury that the finance committee of the Ancients had established a procedure for the 1970 trip whereby three bids from travel agents would be required; that the defendant knew of this bidding requirement and that the defendant, in fact, had had conversations with three travel agents. The evidence was sharply conflicting. From some of it, if believed, the jury could have

---

[1] The finality of the judgment n.o.v. is unaffected by the conditional allowance of a motion for a new trial and is presently appealable. *D'Annolfo v. Stoneham Housing Authy.*, 375 Mass. 650, 655 (1978).

found (a) that the defendant's conduct and statements had led Doran to believe that his agency had been chosen as travel agent for the trip; (b) that the defendant had not explained the limitation upon his own authority and the importance of the bidding requirements until after Doran had completed "construction" of the trip; and (c) that the defendant should have known that Doran would rely to his detriment upon the defendant's conduct and statements. The jury, if they made such findings, could have inferred that the defendant intended to induce such reliance. Restatement (Second) of Torts § 525 (1976). Restatement (Second) of Agency § 330 (1957).

The plaintiff, having accepted the remittitur (albeit under protest), cannot now question its propriety. See *Donovan* v. *Penn Shipping Co.*, 429 U.S. 648, 649-650 (1977).

The judgment n.o.v. is vacated, and a new judgment is to be entered for the plaintiff in the amount of $8,500.[2]

*So ordered.*

*William H. Shaughnessy* for the plaintiff.
*Joseph J. Walsh* for the defendant.

---

[2] We note with approval the procedure followed by the trial judge in this case which has avoided the need for a new trial.