Hilda M. DEANS

v.

EASTERN MAINE MEDICAL CENTER.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1983.
Decided Jan. 18, 1983.

Silsby & Silsby, Sandra Collier (orally), William S. Silsby, Jr., Ellsworth, for plaintiff.

Gross, Minsky, Mogul & Singal, Jules Mogul (orally), George Singal, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

■ This case presents the narrow question whether a plaintiff who has stipulated to remit a portion of her jury award, pursuant to a court order that would have granted defendant's new trial motion had plaintiff not accepted a reduced judgment, is thereby precluded from appealing that reduced judgment on the ground that she was entitled to the full amount of the jury verdict. We hold that she is, and accordingly we dismiss plaintiff's appeal.

Plaintiff Hilda M. Deans brought a malpractice suit against defendant Eastern Maine Medical Center in the Superior Court (Hancock County). After a two-day trial, the jury returned a verdict for plaintiff and judgment was entered for her in the amount of $20,776.85. Defendant filed a timely motion for a new trial, arguing, among other things, that the damages awarded by the jury were not supported by the evidence and were therefore excessive. The trial justice, acting pursuant to M.R. Civ.P. 59(a),[1] issued an order granting the new trial "unless the Plaintiff within 30 days of this date files with this Court *a stipulation to accept judgment in the amount of $11,576.85,* a reduction of $9,200 from the original award." (Emphasis added) Twenty-seven days later, plaintiff filed the required stipulation, and the Superior Court ordered entry of judgment for $11,-576.85 "as stipulated." On appeal, plaintiff, claiming that the $20,776.85 jury verdict was not excessive and that it was error for the trial justice to enter the conditional order for a new trial, seeks reinstatement of the original judgment. Before she can argue the merits of that question, however, plaintiff is met by defendant-appellee's motion to dismiss the appeal.

The question raised by the motion to dismiss has never been squarely addressed by this court. In *Thompson v. Perkins,* 57 Me. 290 (1869), however, we held that any defendant who consents at trial to the entry of judgment loses his right to appeal that judgment. We there said:

> The record of the magistrate states that judgment was rendered in favor of the plaintiff by consent of the defendants. Such being the case they could not rightfully appeal. Parties aggrieved, by the judgment of a justice may appeal. But when a party consents to have judgment rendered against him, he cannot rightfully claim to be aggrieved. It is a fundamental maxim that consent cures error.

57 Me. at 292 (citations omitted).

The principle declared in *Thompson v. Perkins* applies with equal force to the case at bar. By accepting the $9,200 remittitur in lieu of a new trial, plaintiff has consented to the entry of the reduced judgment in her favor. The "opportunity to remit" provided by Rule 59(a) is "an opportunity to ... agree to the new amount set by the judge." M.R.Civ.P. 59(a) Advisory Committee's Note to 1969 amendment, 2 Field, McKusick & Wroth, *Maine Civil Practice* 57 (2d ed. 1970). Thus, by stipulating to a remittitur, plaintiff has agreed to the amended judgment entered thereafter. The effect of accepting a remittitur under Rule 59(a) could not be avoided by the conduct or language used by plaintiff in stipulating to the reduced amount, since Rule 59(a) and the conditional new trial order that tracked it gave her only two choices: she could refuse to remit any portion of the jury verdict and suffer the consequences of a new trial, or she could content herself with the reduced judgment and lose her right to appeal that judgment entered by consent.

1. Rule 59(a) states in pertinent part:

A new trial shall not be granted solely on the ground that the damages are excessive until the prevailing party has first been given an opportunity to remit such portion thereof as the court judges to be excessive.

Almost without exception, courts of other jurisdictions presented with the question now before us have held, as we hold today, that a reduced judgment, entered after a plaintiff has accepted a remittitur rather than suffer the entry of an order for a new trial, is not appealable by that plaintiff. *See, e.g., Donovan v. Penn Shipping Co., Inc.,* 429 U.S. 648, 650, 97 S.Ct. 835, 837, 51 L.Ed.2d 112 (1977) (a plaintiff in federal court "may not appeal from a remittitur order he has accepted"); *Florida East Coast Railway v. Ruckles,* 83 Fla. 599, 602, 92 So. 159, 160 (1922) (plaintiff is "estopped" from appealing a remittitur that he has accepted); *Kneas v. Hecht Co.,* 257 Md. 121, 123, 262 A.2d 518, 520 (1970) (plaintiff "effectively forfeited his right to review by his own actions"); *Moran Travel Bureau, Inc. v. Clair,* —— Mass.App. ——, ——, Mass. App.Ct.Adv.Sh. (1981) 1075, 1076, 421 N.E.2d 103, 105 (1981) ("the plaintiff, having accepted the remittitur (albeit under protest) cannot now question its propriety"); *Burmek v. Miller Brewing Co.,* 12 Wis.2d 405, 417, 107 N.W.2d 583, 589 (1961) ("[T]he plaintiff was given the option and accepted it. He cannot now seek a review of what he has accepted").

Today's plaintiff, while acknowledging the solid body of law contrary to her position, argues that she falls into the "severable issue" exception to the general rule. That exception, as applied by the California courts, among others, allows a party to "take the benefits of the determination on one issue and appeal from another severable part of the judgment." *Templeton Feed and Grain v. Ralston Purina Co.,* 69 Cal.2d 461, 468, 72 Cal.Rptr. 344, 348, 446

P.2d 152, 156 (1968). Hilda Deans, however, is attempting to argue on appeal precisely the same issue that was the basis for the Superior Court's conditional new trial order;[2] she seeks to have the Law Court rule that the original jury award in her favor was not excessive and to reinstate the verdict. This she may not do. Her appeal does not raise a severable issue.

■ Nor does plaintiff fall within the "cross-appeal" exception, which was first articulated in *Plesko v. Milwaukee,* 19 Wis.2d 210, 220, 120 N.W.2d 130, 135 (1963). The courts of Wisconsin, and other states, have permitted a plaintiff otherwise barred from appealing by his acceptance of a remittitur to take a cross-appeal once the defendant has initiated an appeal. Even if the "cross-appeal" exception is recognized in Maine,[3] it in any event does not apply here, since defendant has not appealed the $11,576.85 judgment entered against it.

The entry must be:

Appeal dismissed.

All concurring.

---

2. Although defendant's new trial motion was made on a number of different grounds, the fact that the presiding justice's order gave plaintiff the option of stipulating to a remittitur demonstrates that the order was based on a finding that the jury verdict was excessive. Rule 59(a) requires a trial justice to give the prevailing party a remittitur option "only when the size of the verdict is the sole ground for the grant of a new trial." M.R.Civ.P. 59(a) Advisory Committee's Note to 1969 amendment, 2 Field, McKusick & Wroth, *supra,* at 58.

3. In *McKinnon v. Tibbetts,* 440 A.2d 1028 (Me. 1982), we denied (rather than dismissed) a cross-appeal brought by a plaintiff who, in lieu of a new trial order in the Superior Court, had accepted a remittitur of about one half of the punitive damages awarded by the jury. The defendant-appellant in *McKinnon* did not argue that the plaintiff's cross-appeal should have been dismissed; and our opinion, which held that the record as a matter of law did not justify any punitive damages, did not discuss the plaintiff's right to cross-appeal.