### Deborah L. BRAULT v. Hugh L. FLYNN and Agway, Inc.

[690 A.2d 1365]

No. 95-533

October 17, 1996. Following a jury trial, plaintiff accepted a remitted verdict. The trial court permitted plaintiff to condition acceptance on the right to appeal the remittitur. On appeal, plaintiff maintains that the court abused its discretion in granting remittitur. As we conclude that plaintiff may not simultaneously accept remittitur and appeal the court's decision to grant it, we do not review the remittitur decision on the merits. Instead, we reverse and remand the case for reconsideration, in light of this decision, of the motion for remittitur.

Plaintiff, who suffered permanent injuries when her car was rear-ended by defendant's truck, filed suit against defendants, the driver of the vehicle and the vehicle's owner, for negligence. At the close of plaintiff's case, defendants conceded liability and the case went to the jury to decide damages. The jury awarded plaintiff $750,000. Arguing that the verdict was excessive, defendants moved for remittitur or alternatively for a new trial. The court agreed that the verdict was "grossly excessive" and granted the motion on two grounds: first, that during his closing argument plaintiff's counsel had encouraged the jury to use the verdict to punish defendants, and second, that plaintiff's counsel had suggested, also during his closing argument, that the jury use a per diem amount to calculate plaintiff's pain and suffering. In its written opinion, the court acknowledged our decision in *Debus v. Grand Union Stores*, 159 Vt. 537, 540, 621 A.2d 1288, 1290 (1993), where we held that "there is nothing inherently improper or prejudicial about per diem arguments." Nonetheless, the court rejected the majority opinion, reasoning that the Chief Justice's dissenting opinion in *Debus* "present[ed] the 'better answer'" on this issue, and granting remittitur on that basis.

As required by V.R.C.P. 59(a), the court presented plaintiff with the option to remit $325,000 in lieu of granting defendants a new trial. The court also made clear that if remittitur was accepted, plaintiff could still appeal the order granting remittitur. Plaintiff conditionally accepted remittitur based on this understanding, and the court entered judgment for $425,000. This appeal followed.

I.

Defendants maintain that both the trial court and plaintiff are mistaken as to the

law of remittitur. Specifically, defendants argue that plaintiff cannot both accept remittitur and appeal the court's decision to grant remittitur. The issue, then, is whether a plaintiff can accept remittitur "conditionally" or "under protest," thus preserving the right to appeal, or whether accepting remittitur forecloses the possibility of appeal on that issue.

Although the majority of courts have held otherwise, see *Deans v. Eastern Me. Medical Ctr.*, 454 A.2d 835, 837 (Me. 1983), plaintiff urges this Court to allow an appeal of an accepted remittitur. Plaintiff mistakenly claims that the court's decision to grant remittitur is subject to de novo review by this Court. According to plaintiff, the court made a decision as a matter of law that her case is worth only a specified amount; that determination would not be affected by the outcome of a new trial, and this Court should treat it as an appealable final judgment. Plaintiff has, however, mischaracterized both the nature of the court's decision and the standard of review. Where, as here, a court deems a portion of the damages awarded by the jury to be excessive, "[t]he decision to grant a remittitur and the amount thereof are left to the trial court's discretion; unless there is an abuse of discretion on the part of the court, its decision must stand." *Addison Cty. Automotive, Inc. v. Church*, 144 Vt. 553, 560, 481 A.2d 402, 407 (1984); see *Bailey v. Town of Cabot*, 124 Vt. 153, 157, 197 A.2d 783, 786 (1964) (distinguishing between setting aside verdict because there is no evidence to support it, which is question of law and subject to review, and setting aside verdict as against the evidence, which will not be disturbed unless court abused or withheld its discretion).[*]

V.R.C.P. 59 is based on its federal counterpart, with some modifications, including the language concerning remittitur, drawn from the Maine rule. See Reporter's Notes, V.R.C.P. 59. Both Maine and the federal courts follow the majority rule. See *Donovan v. Penn Shipping Co.*, 429 U.S. 648, 650 (1977); *Deans*, 454 A.2d at 837. Based on the substantial precedent from these and other jurisdictions, and the absence of any mention in the rule or Reporter's Notes that remittitur may be accepted under protest or conditioned on a right to appeal, we conclude that Rule 59 incorporates the traditional rule that an accepted remittitur may not be appealed. V.R.C.P. 59(a) and a conditional new trial order give rise to two options: plaintiff may reject the reduced judgment and opt for a new trial, or accept remittitur and lose the right to appeal. Plaintiff may, however, cross-appeal remittitur if defendant has first initiated an appeal. See *Burns v. McGraw-Hill Broadcasting Co.*, 659 P.2d 1351, 1355 (Colo. 1983) (holding that party accepting remittitur under protest may cross-appeal when party who benefits appeals for other reasons); *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 789 (Mo. 1977) (explaining that fairness demands court be allowed to review excessiveness of

the federal constitution, *Dimick v. Schiedt*, 293 U.S. 474, 486-87 (1935), and that an accepted remittitur is not appealable in the federal courts, *Donovan v. Penn Shipping Co.*, 429 U.S. 648, 650 (1977). Plaintiff does make a one-sentence claim that denying review violates Chapter I, Article 4 of the Vermont Constitution. The party making such a claim, however, "bears the burden of explaining how or why the Vermont Constitution provides greater protection than the federal constitution." *State v. Read*, 165 Vt. 141, 153, 680 A.2d 944, 951 (1996). Here, no explanation is provided of how the Vermont Constitution affords plaintiff any additional protection. We therefore do not address this argument.

---

[*]Plaintiff also maintains that de novo review is required to protect the constitutional guarantee of trial by jury. The United States Supreme Court has previously held that remittitur does not violate

remittitur as well as inadequacy when appellant-defendant requests further remittitur). As we are persuaded that V.R.C.P. 59 incorporates the majority rule that remittitur cannot be accepted under protest or conditioned on a right to appeal, we do not address plaintiff's policy-based rationales for adopting a different rule.

To apply this rule to the case before us, we must decide whether plaintiff's "conditional" acceptance was in fact a binding acceptance of remittitur. In light of the circumstances, we cannot fairly make this determination. Court documents suggest that plaintiff accepted remittitur, but plaintiff's counsel took a contrary position at oral argument. The confusion generated by the court's assertion that plaintiff could appeal leaves us unable to resolve this question. We are unwilling to speculate as to the choices the parties would have made with full knowledge of the rule. Even without the right to appeal, plaintiff may prefer to accept remittitur rather than endure a second trial. If plaintiff does accept remittitur, defendants may forego an appeal rather than risk reinstatement of the full verdict by this Court. Indeed, it is possible that the trial court would rule differently in light of this decision. Given this uncertainty, we opt to remand this case for reconsideration of defendants' motion for remittitur or alternatively a new trial.

## II.

Plaintiff also claims that the court erred in granting postjudgment interest from the date of remittitur rather than the date of the jury verdict. As this issue may arise again on remand, we address it in the interest of judicial economy.

It is well established in Vermont that a "party may recover postjudgment interest." *Pinewood Manor, Inc. v. Vermont Agency of Transp.*, 164 Vt. 312, 321, 668 A.2d 653, 659 (1995). The Rules of Civil Procedure state that interest accrues from the entry of judgment until the date of payment. V.R.C.P. 69. Entry of judgment occurs as soon as the court clerk prepares and enters judgment upon a verdict by the jury. V.R.C.P. 58. When a party moves to amend or appeal, the judgment is stayed. *Pinewood Manor*, 164 Vt. at 321, 668 A.2d at 659. If the judgment is affirmed, interest is payable from the date judgment was entered. V.R.A.P. 37; *Pinewood Manor*, 164 Vt. at 321, 668 A.2d at 659.

The decisions in *Roy v. Mugford*, 161 Vt. 501, 642 A.2d 688 (1994), and *VanVelsor v. Dzewaltowski*, 136 Vt. 103, 385 A.2d 1102 (1978), both cited by defendants, do not support the contention that postjudgment interest accrues only from the date remittitur was accepted. In *Roy*, the Court held that the plaintiffs were entitled to prejudgment interest because the contract between the parties made damages "liquidated or easily ascertainable." *Roy*, 161 Vt. at 513-14, 642 A.2d at 695. The *VanVelsor* decision also awarded prejudgment interest to the plaintiff. *VanVelsor*, 136 Vt. at 106, 385 A.2d 1104 ("Interest begins to run from the time the debt becomes payable or payment is demanded, or when suit is brought, a judicial demand.") Those decisions are inapplicable here; the question of whether damages were liquidated or easily ascertainable is not relevant once judgment has been entered.

In this case, judgment was entered when the court clerk filed the jury verdict on February 14, 1995. Defendants' motion for remittitur or new trial stayed the judgment, but should plaintiff accept remittitur, she is entitled to postjudgment interest on the unremitted amount from the date of the original judgment.

Resolution of the other issues in this case, including those raised by defendants on cross-appeal, must await the court's decision on remand.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*

**Johnson, J.**, concurring. I agree that V.R.C.P. 59 incorporates the majority rule that remittitur, once accepted, cannot be appealed. I write separately because I believe that this rule is flawed, and that a change should be considered by the rules committee.

The rule that a plaintiff cannot appeal remittitur without first enduring the time and expense of a new trial is both widespread and longstanding. See, e.g., *Donovan v. Penn Shipping Co.*, 429 U.S. 648, 649 (1977) ("A line of decisions stretching back to 1889 has firmly established that a plaintiff cannot appeal the propriety of a remittitur order to which he has agreed."); *Civiello v. Owens-Corning Fiberglass Corp.*, 544 A.2d 158, 160 (Conn. 1988) (majority of state courts have held that at common law plaintiff who accepts remittitur in lieu of new trial is bound by that election and cannot appeal from judgment ordering remittitur); *Deans v. Eastern Me. Medical Ctr.*, 454 A.2d 835, 837 (Me. 1983) (almost without exception, courts have held that plaintiff may not appeal reduced judgment entered after plaintiff accepted remittitur rather than suffer entry of new trial order). Unfortunately, the long history of the rule appears to be the only justification for it. For example, the United States Supreme Court, instead of providing an explanation, merely emphasized that the rule was "settled," "longstanding," "consistent," "firmly established," and based on "unbroken precedents" that "stretch[] back to 1889." *Donovan*, 429 U.S. at 649-50.

Some courts attempt to justify the practice with circular reasoning. The Maine Supreme Judicial Court put it this way: "[B]y stipulating to a remittitur, plaintiff has agreed to the amended judgment entered thereafter." *Deans*, 454 A.2d at 836; see also *Donovan v. Penn Shipping Co.*, 536 F.2d 536, 536 (2d Cir. 1976) ("Having chosen . . . to accede to the remittitur . . . [plaintiff] is bound by

his decision just as if he had reached a settlement with his adversary."), *aff'd*, 429 U.S. 648 (1977). This approach, however, begs the question; the issue cannot be decided merely by reciting the usual consequences of accepting remittitur. The rules governing remittitur could be changed to permit a plaintiff to accept remittitur under protest. See Tenn. Code Ann. § 20-10-102 (1994).

Where a substantive explanation is offered, courts typically fall back on the unsupported claim that the traditional rule conserves judicial resources by reducing the number of appeals. See, e.g., *Burns v. McGraw-Hill Broadcasting Co.*, 659 P.2d 1351, 1355 (Colo. 1983) (rationale for rule is that plaintiff should not be allowed to perfect no-risk appeal; traditional rule requiring party to seek retrial before appealing conserves judicial resources); *Civiello*, 544 A.2d at 160 (result of permitting plaintiffs to accept remittitur under protest would be proliferation of appeals; plaintiff would be guaranteed minimum verdict and have nothing to lose by appealing). Plaintiff correctly points out, however, that withholding the right to review pending a second trial may increase the strain on judicial resources. If a plaintiff is willing to accept remittitur, but wants the decision reviewed, a new trial wastes time and money. Allowing an appeal of accepted remittitur permits the parties to bypass the new trial and go straight to the appeal. At least in some situations, an immediate appeal that permits this Court to review the remittitur decision, which is the heart of the parties' dispute, would be a better procedure.

Aside from judicial efficiency, there is also concern that most plaintiffs, daunted by the expense of a second trial, are effectively coerced into giving up the right to challenge the trial court's "invasion of the jury's prerogative." *Donovan*, 536 F.2d at 539 (Feinberg, J., dissenting). With a new trial as the price of gaining an appeal, many plaintiffs effectively lose the

right to appeal the remittitur decision. Permitting a plaintiff to accept remittitur under protest resolves this problem. See Note, *Remittitur Practice in the Federal Courts*, 76 Colum. L. Rev. 299, 321 (1976) (traditional rules of remittitur procedure coerce plaintiffs into accepting reduced verdicts; remittitur under protest is effective antidote to coercion).

Justice Holmes once wrote that "[i]t is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV." O.W. Holmes, *The Path of the Law*, 10 Harv. L. Rev. 457, 469 (1897). Indeed, the rule that a plaintiff may not appeal remittitur without first undergoing the trouble and expense of a second trial appears to be grounded more in tradition than in reason. See *Donovan*, 536 F.2d at 539, 541 (Feinberg, J., dissenting) (weight of precedent and tradition support rule, but persuasive justification for rule is lacking). Although I believe that a change in the rules is warranted, I concur in the judgment because any change is better accomplished through the rules committee than by court decision. I am authorized to state that Justice Morse joins in this concurrence.

Motion for reargument denied November 18, 1996.