*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-464

MARCH TERM, 2013

| | |
|---|---|
| Ronald E. Pollock and Milton R. Pollock | } APPEALED FROM: |
| | } |
| | } Superior Court, Addison Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Douglas Butler | } DOCKET NO. 236-10-11 Ancv |

Trial Judge: Helen Toor

In the above-entitled cause, the Clerk will enter:

Defendant appeals the trial court's award of prejudgment interest to plaintiffs on a jury award for damages in this breach-of-contract case. Defendant argues that the court abused its discretion in awarding prejudgment interest. We affirm.

Plaintiffs sued defendant for breach of contract, alleging that defendant failed to tender payment for cattle plaintiffs delivered to defendant. Plaintiffs claimed they were owed a balance of $93,600 for several sales of cattle to defendant, the latest being on July 22, 2009. Defendant disputed the amount due, arguing that some of the cattle were not delivered and others were being held on consignment. Following a trial, the jury awarded damages to plaintiffs. The jury concluded that three transactions were contracts for sale, two (including the final one) were not contracts for sale, and that one was a contract for consignment. The jury fixed damages at $63,725. The court awarded plaintiffs prejudgment interest from July 23, 2009, to November 1, 2012.

On appeal, defendant challenges the award of prejudgment interest. Defendant argues that the court erred in awarding prejudgment interest as of right because the sum due was not reasonably ascertainable. Defendant also contends that the court abused its discretion in awarding interest as a matter of discretion without conducting a hearing or making factual findings. Finally, defendant claims that there is no support for the court's decision to begin charging interest on July 23, 2009.

"Prejudgment interest is awarded as of right when damages are liquidated or reasonably certain." EBWS, LLC v. Britly Corp., 2007 VT 37, ¶ 36, 181 Vt. 513. Even when the amount of damages is uncertain, a court may award prejudgment interest in its discretion. Id. As to the timing, generally, interest starts to accrue "from the time the debt becomes payable or payment is demanded, or when suit is brought, a judicial demand." VanVelsor v. Dzewaltowski, 136 Vt. 103, 106 (1978).

We begin with the question of whether the record supports an award of prejudgment interest. Defendant contends that plaintiffs were not entitled to interest as a matter of right because the amount due was not readily ascertainable. Defendant characterizes the amount due

as uncertain since he challenged the amount plaintiffs were seeking and the jury awarded less than what plaintiffs alleged was due. Damages need not be "precisely or infallibly ascertainable, only . . . reasonably so." Smedberg v. Detlef's Custodial Serv., Inc., 2007 VT 99, ¶ 38, 182 Vt. 349. This was not a situation where the measure of damages was unclear. Plaintiffs alleged that they had delivered cattle to defendant for a set price and demanded that amount at the time of sale. Defendant disputed some of the sales, but he admitted that he had purchased and failed to pay for some cattle. Simply because defendant challenged some of the sales does not make the amount due less reasonably ascertainable. Defendant was certain as to the amount plaintiffs alleged was due to them, and, to avoid the payment of prejudgment interest, defendant could have simply tendered the amount due at the time it was requested. See Agency of Natural Res. v. Glens Falls Ins. Co., 169 Vt. 426, 435 (1999). Defendant risked that the jury would not agree with him and bears the burden of that risk.

Defendant further argues that the court abused its discretion in awarding prejudgment interest without providing an explanation for the basis of the award. Defendant claims that the court should have held a hearing to determine the starting date and there was no logical basis to begin interest on July 23, 2009.

There was no requirement that the court hold a hearing on plaintiffs' request for prejudgment interest. Defendant was on notice that plaintiffs sought prejudgment interest— plaintiffs requested it in their initial complaint and listed it in their proposed judgment order. In response to plaintiffs' proposed judgment order, defendant argued that prejudgment interest should not be awarded, but did not request a hearing or findings. The court was not under an obligation to conduct sua sponte a hearing on the question of prejudgment interest. Nor was the court required to provide additional findings where none were requested and plaintiffs were entitled to interest as a matter of right.

Further, the date chosen by the court was entirely reasonable and within its discretion. Plaintiffs' sale invoices were entered as exhibits at trial and indicate the price and date that each cattle shipment was delivered to defendant. The final invoice is dated July 22, 2009. While defendant claims that payment was not due until plaintiffs demanded payment in April 2011, there is no evidence to support that claim. Defendant has not provided a transcript of the trial, and there is nothing to indicate that the court abused its discretion in choosing the date of the final transaction as the time when payment was due.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


2